IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re:<br><br>ECLIPSE AVIATION CORPORATION, *et al.*,[*]<br><br>Debtors. | ) | Chapter 11<br>Case No. 08-13031 (MFW)<br><br>Jointly Administered |
| VERMEER MANUFACTURING COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ECLIPSE AVIATION CORPORATION, KINGS ROAD INVESTMENTS LTD., and JOHN DOES 1 THROUGH 1,000,<br><br>Defendants. | ) | Adv. Proc. No. 08-__________ |

**COMPLAINT**

Plaintiff Vermeer Manufacturing Company ("Vermeer"), by and through undersigned counsel, states as follows as and for its complaint against Defendants Eclipse Aviation Corporation ("Eclipse"), Kings Road Investments Ltd. ("Kings Road") and John Does 1 through 1,000 (the "John Doe Defendants"; together with Eclipse and Kings Road, the "Defendants").

**Introduction**

1. This action arises from that certain Aircraft Purchase Agreement executed by Vermeer and Eclipse on February 26, 2007 and March 15, 2007, respectively (the "APA," a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference). Pursuant to the APA, Eclipse agreed to sell, and Vermeer agreed to buy, an Eclipse Model 500

[*] The debtors in these jointly administered cases are Eclipse Aviation Corp. and Eclipse IRB Sunport, LLC.

airplane, manufactured to Vermeer's specifications, and bearing serial number 266 (the "Aircraft"), for an aggregate purchase price of $1,494,818.50 (the "Purchase Price"). In this action, Vermeer seeks (i) specific performance of the APA; (ii) replevin of the Aircraft; (iii) declaratory judgments as to Vermeer's property interest in the Aircraft and that said interest is superior to that of any of the Defendants; (iv) declaratory judgment that the Aircraft is not an asset of Eclipse's bankruptcy estate (the "Estate"); (v) the imposition of a constructive trust and equitable liens in Vermeer's favor; and (vi) declaratory judgment that the Aircraft cannot be sold free and clear of Vermeer's interests.

**Venue And Jurisdiction**

2. This is an adversary proceeding under Federal Rules of Bankruptcy Procedure 7001, *et seq*. The Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334.

3. Venue lies in this district pursuant to 28 U.S.C. §§ 1408, 1409(a).

4. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2).

**The Parties**

5. Vermeer is a corporation organized under the laws of Iowa, with its principal place of business in Pella, Iowa.

6. On November 25, 2008 (the "Petition Date"), Eclipse filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. Eclipse is continuing in the management of its business and possession of its property as a debtor-in-possession under 11 U.S.C. §§ 1107(a), 1108. Eclipse is a corporation organized under the laws of the State of Delaware, with its principal place of business in Albuquerque, New Mexico.

7. Kings Road and the John Doe Defendants are each noteholders who have asserted, or may assert, a senior security interest in Eclipse's assets, including the Aircraft. Kings Road is an entity with a principal place of business in New York, NY.

## Background

### A. The Eclipse 500

8. The Eclipse 500 is described by Eclipse as a "revolutionary aircraft," designed to be easy-to-fly, reliable and fuel-efficient. According to Eclipse, "no comparable aircraft really compares." Eclipse touts the Eclipse 500's low acquisition price, that it has the lowest operating costs of any jet aircraft and that it offers commercial airliner-like reliability. (Aff. of J. Mark Borseth In Support Of Ch. 11 Pets. & 1st Day Mtns. ¶¶ 13, 14). Furthermore, the Eclipse 500's design allows it to be operated from smaller airports, and thus to access secondary and tertiary markets not accessible by other personal jets. (*Id.* ¶ 14).

9. Eclipse holds itself -- and the Eclipse 500 -- out as the leader of the very light jet market. In May 2006, Eclipse was awarded the Robert J. Collier trophy, which is awarded for "the greatest achievement in aeronautics and astronautics in America," for its production of the Eclipse 500. (*Id.* ¶ 15).

10. Upon information and belief, Eclipse is the sole manufacturer of the Eclipse 500.

### B. The APA

11. In 2006, Vermeer decided to purchase an Eclipse 500. To that end, on or about February 17, 2006, Vermeer executed the Eclipse 500 Deposit Agreement with Eclipse (the "Deposit Agreement," a true and correct copy of which is attached hereto as Exhibit B and incorporated herein by reference). Pursuant to the Deposit Agreement, on or about February 17,

2006, Vermeer caused to be transferred to Eclipse, and Eclipse accepted, $129,500 as a deposit toward the purchase of an Eclipse 500 (the "Deposit").

12. In winter 2007, the parties executed the APA. Pursuant to the APA, Eclipse agreed to manufacture and sell the Aircraft to Vermeer according to certain specifications set forth in the APA. Among other things, Vermeer selected optional features and specifications for the Aircraft, the cost of which were included in the Purchase Price. (APA § 2 & Ex. A1). Upon information and belief, the Aircraft was constructed for Vermeer according to the terms specified by Vermeer in the APA. Also on information and belief, no other Eclipse aircraft currently has the same features, avionics and specifications as the Aircraft.

13. The APA identifies the Aircraft by its serial number, 000266, and its position number, EA0399. (APA at 1). Upon information and belief, the Aircraft's serial number and position number are unique and refer -- and have, since the APA was executed, always referred -- particularly to the Aircraft.

14. Upon execution of the APA, Vermeer was obligated to pay a further deposit toward the purchase of the Aircraft (the "Additional Deposit" and together with the Deposit, the "Deposits"). On or about February 26, 2007, Vermeer transferred, and Eclipse accepted, $817,790.50 constituting the Additional Deposit. Hence, Eclipse has received and accepted $947,290.50 in deposits from Vermeer toward the Purchase Price. The Deposits were deposits against the Purchase Price and were paid for no other purpose.

15. Pursuant to Exhibit 2 to the APA, the Aircraft was scheduled to be delivered to Vermeer in August, 2007. In an addendum to the APA, Eclipse agreed it would deduct from the Purchase Price ½% of the amount of the Additional Deposit for each full calendar month that it is late delivering the aircraft (or 6% annual simple interest). As of June 23, 2008, when, as

described below, Eclipse completed the Aircraft but reached an agreement with Vermeer to delay delivery, Eclipse was 11 full calendar months late delivering the Aircraft. Accordingly, Vermeer is entitled to deduct no less than $44,978.48 from the Purchase Price.

### C. Construction Of The Aircraft Is Complete -- In Fact, The Aircraft Has Been Flown.

16. On or about June 12, 2008, Eclipse asked Vermeer for permission to delay physical delivery of the completed Aircraft, and use the Aircraft for its own benefit. To that end, Vermeer and Eclipse entered into a letter agreement on or about July 10, 2008, pursuant to which Vermeer authorized Eclipse to use the Aircraft for a brief period before Vermeer took delivery (the "Letter Agreement," a true and correct copy of which is attached hereto as Exhibit C and incorporated herein by reference). In exchange for use of the Aircraft, Eclipse was to pay Vermeer Eclipse's standard leaseback rate of $350 for each flight hour for which the Aircraft is used in excess of five.

17. Eclipse completed construction of the Aircraft. Upon information and belief, all certifications and licensing required for the Aircraft to be flown have been completed.

18. In late July, 2008, Eclipse flew the Aircraft to an air show in Oshkosh, Wisconsin, where Eclipse used it as a demonstration aircraft to advertise the Eclipse 500 and attempt to sell more Eclipse 500s. Indeed, Eclipse pushed the Aircraft ahead on the production schedule to use it as a demonstration model because of its unique features, including, but not limited to, a new series of Garmin avionics. The Aircraft has also been flown in known icing conditions. Upon information and belief, Eclipse has flown the Aircraft for at least 12 hours. Accordingly, Vermeer is entitled to offset the Purchase Price by no less than $2,450 pursuant to the Letter Agreement.

19. Upon information and belief, Eclipse removed the windscreen from the Aircraft following its flight in icing conditions, due to chipping or other damage sustained during Eclipse's use of the Aircraft. Also upon information and belief, Eclipse may have removed one or more passenger seats from the Aircraft.

**D. Additional General Allegations**

20. Upon information and belief, all that remains to be done to complete performance of the parties' respective obligations under the APA are: (i) return of the Aircraft to its flight-ready status, including, without limitation, replacing any parts removed by Eclipse following its use of the Aircraft; (ii) pre-closing inspection of the Aircraft by Vermeer; (iii) payment of the balance of the Purchase Price; (iv) exchange of the closing documents; and (v) delivery of the Aircraft. The APA provides that payment of the balance of the Purchase Price is due upon delivery of the Aircraft. Vermeer is ready, willing and able to perform under the APA, including, without limitation, its obligation to pay the balance of the Purchase Price and take delivery of the Aircraft.

21. Upon information and belief, Eclipse has repudiated or breached, or will repudiate or breach, the APA.

**Count I**
**Specific Performance Pursuant To N.M. Stat. § 55-2-716**

22. Each of the foregoing paragraphs is incorporated herein by reference.

23. The Aircraft is unique within the meaning of N.M. Stat. § 55-2-716 and/or there exist other proper circumstances warranting specific performance.

24. The Aircraft was identified in the APA.

25. Therefore, Vermeer is entitled to a decree that the APA be specifically performed, such decree directing that (i) Vermeer tender to Eclipse the balance of the Purchase Price,

adjusted in accordance with the delivery delay and the Letter Agreement; and (ii) Eclipse deliver to Vermeer the Aircraft and title thereto, free and clear of any liens or encumbrances.

**Count II**
**Replevin Pursuant To N.M. Stat. § 55-2-716**

26. Each of the foregoing paragraphs is incorporated herein by reference.

27. The Aircraft was identified in the APA.

28. Vermeer is unable to effect cover for the Aircraft, or circumstances indicate effort to cover would be unavailing, inasmuch as Vermeer cannot obtain covering goods because Eclipse is the sole manufacturer of the Eclipse 500, and the Aircraft is unique and was specially manufactured for Vermeer. Moreover, any effort by Vermeer to obtain cover would entail unreasonable expense, delay and inconvenience.

29. Therefore, Vermeer is entitled to a judgment granting Vermeer the right to replevy the Aircraft free and clear of any liens or encumbrances.

**Count III**
**Declaratory Judgment That Vermeer Has Special Property Rights In The Aircraft Pursuant To N.M. Stat. § 55-2-501**

30. Each of the foregoing paragraphs is incorporated herein by reference.

31. As of the Petition Date, Vermeer had special property rights in the Aircraft pursuant to N.M. Stat. § 55-2-501.

32. Upon information and belief, an actual controversy presently exists between Vermeer and Eclipse and the other Defendants concerning Vermeer's and Eclipse's respective rights and property interests with respect to the Aircraft. The controversy is real and immediate, and it is ripe for judicial resolution. A declaratory judgment is needed at this time to resolve any question about the parties' rights and duties with respect to the Aircraft.

33. Therefore, Vermeer is entitled to a declaratory judgment that it possesses a special property interest in the Aircraft under N.M. Stat. § 55-2-501 and that the Aircraft cannot be sold free and clear of Vermeer's special property interest without Vermeer's consent.

**Count IV**
**Equitable Lien**

34. Each of the foregoing paragraphs is incorporated herein by reference.

35. Vermeer has a right to specific property (the Aircraft), applied toward the payment of a specific debt (the Deposits).

36. The equities dictate that Vermeer be granted an equitable lien against the Aircraft to ensure that Vermeer's substantial interests in the Aircraft are not lost.

37. Therefore, Vermeer is entitled to the imposition of an equitable lien in its favor over the Aircraft.

**Count V**
**Constructive Trust**

38. Each of the foregoing paragraphs is incorporated herein by reference.

39. Vermeer is the purchaser of the Aircraft under the APA.

40. Vermeer is the equitable owner of the Aircraft. Eclipse owns, at most, bare legal title to the Aircraft.

41. Eclipse has received and accepted from Vermeer deposits totaling $947,290.50 towards the purchase of the Aircraft.

42. If Eclipse were permitted to retain the Aircraft, the Deposit and the Additional Deposit, Eclipse would be unjustly enriched at Vermeer's expense.

43. Therefore, Vermeer is entitled to a constructive trust in its favor over the Aircraft.

## Count VI
## Declaratory Judgment That The Aircraft Is Not Property Of The Estate

44. Each of the foregoing paragraphs is incorporated herein by reference.

45. The Aircraft is not property of the Estate because (i) Vermeer is entitled to specific performance of Eclipse's obligation to deliver the Aircraft and/or replevin of the Aircraft; (ii) Vermeer holds a special property interest with respect to the Aircraft under applicable state law; (iii) Vermeer holds equitable title to the Aircraft; and/or (iv) Eclipse holds the Aircraft in constructive trust for Vermeer.

46. Upon information and belief, an actual controversy presently exists between Vermeer and Eclipse and the other Defendants concerning Vermeer's and Eclipse's respective rights and property interest with respect to the Aircraft. The controversy is real and immediate, and it is ripe for judicial resolution. A declaratory judgment is needed at this time to resolve any question about the parties' rights and duties with respect to the Aircraft.

47. Therefore, Vermeer is entitled to a declaratory judgment that the Aircraft is not property of the Estate.

## Count VII
## Declaratory Judgment That Vermeer's Property Interest In The Aircraft Is Superior To That Of Kings Road And The John Doe Defendants

48. Each of the foregoing paragraphs is incorporated herein by reference.

49. Vermeer has special property rights and interests in the Aircraft, equitable title to the Aircraft and/or is entitled to possession, specific performance, replevin and/or recovery of the Aircraft.

50. Vermeer purchased the Aircraft from Eclipse. Eclipse is in the business of selling aircrafts and is not a pawnbroker.

51. Vermeer purchased the Aircraft in good faith and at arms-length without knowledge of any possibly competing claims with respect to the Aircraft.

52. The security interest in favor of Kings Road and the John Doe Defendants in the Aircraft, if any, were created by Eclipse.

53. Upon information and belief, an actual controversy presently exists between Vermeer and Eclipse and the other Defendants concerning Vermeer's and Eclipse's respective rights and property interest with respect to the Aircraft. The controversy is real and immediate, and it is ripe for judicial resolution. A declaratory judgment is needed at this time to resolve any question about the parties' rights and duties with respect to the Aircraft.

54. Therefore, Vermeer is entitled to a declaratory judgment that (i) it was a buyer in the ordinary course pursuant to N.M. Stat. § 55-3-320(a); and (ii) its property interests in the Aircraft are superior to those of all other interests of Kings Road or the John Doe Defendants.

**Count VIII**
**Declaratory Judgment That The Aircraft Cannot Be Sold Under 11 U.S.C. § 363(b)**

55. Each of the foregoing paragraphs is incorporated herein by reference.

56. Eclipse cannot sell the Aircraft under 11 U.S.C. § 363(b) because it is not property of the Estate.

57. Upon information and belief, an actual controversy presently exists between Vermeer and Eclipse concerning Vermeer's and Eclipse's respective rights and property interests with respect to the Aircraft. The controversy is real and immediate, and it is ripe for judicial resolution. A declaratory judgment is needed at this time to resolve any question about the parties' rights and duties with respect to the Aircraft.

58. Therefore, Vermeer is entitled to a declaratory judgment that the Aircraft cannot be sold under 11 U.S.C. § 363(b).

**Count IX**
**Declaratory Judgment That The Aircraft Cannot Be Sold Free And Clear**
**Of Vermeer's Interests Under 11 U.S.C. § 363(f)**

59. Each of the foregoing paragraphs is incorporated herein by reference.

60. Vermeer holds a special property interest in, a constructive trust over, or an equitable lien on the Aircraft (collectively, the "Equitable Rights").

61. Applicable nonbankrutpcy law does not permit the sale of the Aircraft subject to the Equitable Rights free and clear of the Equitable Rights.

62. Vermeer does not consent to the sale of the Aircraft.

63. An "interest," as that term is used in 11 U.S.C. § 363(f), does not include the Equitable Rights.

64. Certain of the Equitable Rights are not liens. To the extent that any of the Equitable Rights are liens, the aggregate value of the liens exceeds the amount for which the Aircraft might be sold in any proposed sale.

65. The Equitable Rights are subject to legal dispute only, and are not "in bona fide dispute" within the meaning of 11 U.S.C. § 363(f)(4).

66. Eclipse cannot sell the Aircraft "free and clear," as that term is used in 11 U.S.C. § 363(f), of any of the Equitable Rights.

67. Upon information and belief, an actual controversy presently exists between Vermeer and Eclipse concerning Vermeer's and Eclipse's respective rights and property interests with respect to the Aircraft. The controversy is real and immediate, and it is ripe for judicial resolution. A declaratory judgment is needed at this time to resolve any question about the parties' rights and duties with respect to the Aircraft.

68. Therefore, Vermeer is entitled to a declaratory judgment that (i) the Equitable Rights are not "interests" under 11 U.S.C. § 363(f); and (ii) the Aircraft cannot be sold free and clear of the equitable rights under 11 U.S.C. § 363(f).

**Conclusion**

WHEREFORE, Vermeer respectfully requests that the Court enter judgment in its favor and against the Defendants as follows:

A. Decreeing specific performance of the APA;

B. Declaring that Vermeer has a right to replevy the Aircraft, free and clear of any liens or encumbrances;

C. Finding and declaring that Vermeer possesses a special property interest in the Aircraft under N.M. Stat. § 55-2-501;

D. Imposing an equitable lien over the Aircraft in favor of Vermeer;

E. Imposing a constructive trust over the Aircraft in favor of Vermeer;

F. Finding and declaring that the Aircraft is not property of the Estate;

G. Finding and declaring that (i) Vermeer was buyer in the ordinary course; and (ii) Vermeer's property interests in the Aircraft are superior to those of all other interests of Kings Road or the John Doe Defendants;

H. Finding and declaring that the Aircraft cannot be sold under 11 U.S.C. § 363(b);

I. Finding and declaring that the Equitable Rights are not "interests" under 11 U.S.C. § 363(f);

J. To the extent necessary, modifying the automatic stay imposed by 11 U.S.C. § 362(a) to permit Vermeer to take such steps as are reasonable and necessary in the circumstances to obtain delivery and possession of the Aircraft;

K. Finding and declaring that the Aircraft cannot be sold free and clear of the Equitable Rights under 11 U.S.C. § 363(f);

L. Awarding Vermeer its costs and fees incurred prosecuting this actions, including reasonable attorneys fees; and

M. Awarding Vermeer such further relief as the Court deems necessary or proper.

ASHBY & GEDDES

William P. Bowden (#2553)
Gregory A. Taylor (#4008)
Andrew D. Cordo (#4534)
500 Delaware Ave., 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
wbowden@ashby-geddes.com
gtaylor@ashby-geddes.com
acordo@ashby-geddes.com

*Attorneys for the Plaintiff*

Dated: December 31, 2008