# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re : | ) |
| | ) Chapter 7 |
| ECLIPSE AVIATION CORPORATION, *et al.*,[1] | ) |
| | ) Case No. 08-13031 (MFW) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |
| | ) |
| VERMEER MANUFACTURING COMPANY, | ) |
| | ) |
| Plaintiff, | ) Adv. Pro. No. 08-51904 (MFW) |
| v. | ) |
| | ) |
| ECLIPSE AVIATION CORPORATION, | ) |
| KINGS ROAD INVESTMENTS LTD., | ) |
| and JOHN DOES 1 THROUGH 1,000, | ) |
| | ) |
| Defendants. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES
## OF CHAPTER 7 TRUSTEE OF ECLIPSE AVIATION CORPORATION

Jeoffrey L. Burtch, Chapter 7 Trustee (the "Trustee") for the estates of the above captioned debtors ("Eclipse" or the "Debtors"), hereby sets forth his Answer and Affirmative Defenses to the Plaintiff's Vermeer Manufacturing Company (the "Plaintiff") Adversary Proceeding Complaint (the "Complaint") as follows:

### Introduction

1. Admitted only that the APA[2] speaks for itself. The Trustee is without sufficient information to admit or deny the remaining allegations and therefore denies the allegations. To the extent that any remaining allegations call for conclusions of law, the Trustee denies.

---

[1] The Debtors in these proceedings are: Eclipse Aviation Corporation (Tax ID No. XX-XXX9000) and Eclipse IRB Sunport, LLC, a wholly owned subsidiary of Eclipse Aviation Corporation (Tax ID No. XX-XXX4013), each with a mailing address of 2503 Clark Carr Loop SE, Albuquerque, NM 87106.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Complaint.

1

## Venue and Jurisdiction

2. Admitted.

3. Admitted.

4. Admitted.

## The Parties

5. The Trustee is without sufficient information to admit or deny the allegations and therefore denies the allegations.

6. Admitted as to the Petition Date. The Trustee admits that Eclipse is a corporation organized under the laws of the State of Delaware, with its principal place of business in Albuquerque, New Mexico but denies the remaining allegations.

7. Admitted that Kings Road is a noteholder who has or may assert a senior security interest in Eclipse's assets. The Trustee is without sufficient information to admit or deny the remaining allegations and therefore denies the allegations.

## Background

**A.     The Eclipse 500**

8. Admitted only that the Affidavit speaks for itself. The Trustee is without sufficient information to admit or deny the remaining allegations and therefore denies the allegations.

9. Admitted only that the Affidavit speaks for itself. The Trustee is without sufficient information to admit or deny the remaining allegations and therefore denies the allegations.

10. Admitted

### B. The APA

11. Admitted only that the Deposit Agreement speaks for itself. The Trustee is without sufficient information to admit or deny the remaining allegations and therefore denies the allegations.

12. Admitted only that the APA speaks for itself. The Trustee is without sufficient information to admit or deny the remaining allegations and therefore denies the allegations.

13. Admitted only that the APA speaks for itself. The Trustee is without sufficient information to admit or deny the remaining allegations and therefore denies the allegations.

14. The Trustee is without sufficient information to admit or deny the allegations and therefore denies the allegations. To the extent that any remaining allegations call for conclusions of law, the Trustee denies.

15. Admitted only that the APA speaks for itself. The Trustee is without sufficient information to admit or deny the remaining allegations and therefore denies the allegations. To the extent that any remaining allegations call for conclusions of law, the Trustee denies.

### C. Construction of the Aircraft Is Complete – In Fact, the Aircraft Has Been Flown.

16. Admitted only that Exhibit C speaks for itself. The Trustee is without sufficient information to admit or deny the remaining allegations and therefore denies the allegations.

17. The Trustee is without sufficient information to admit or deny the allegations and therefore denies the allegations.

18. The Trustee is without sufficient information to admit or deny the allegations and therefore denies the allegations. To the extent that any remaining allegations call for conclusions of law, the Trustee denies.

19. The Trustee is without sufficient information to admit or deny the allegations and therefore denies the allegations.

**D.　Additional General Allegations**

20. The Trustee is without sufficient information to admit or deny the allegations and therefore denies the allegations.

21. Denied as a conclusion of law.

**Count I**
**Specific Performance Pursuant to N.M. Stat. § 55-2-716**

22. The Trustee incorporates by reference his responses to paragraphs 1 through 21 of the Complaint as though set forth fully herein.

23. The Trustee is without sufficient information to admit or deny the allegations and therefore denies the allegations. To the extent that any remaining allegations call for conclusions of law, the Trustee denies.

24. Admitted only that the APA speaks for itself. The Trustee is without sufficient information to admit or deny the remaining allegations and therefore denies the allegations.

25. Denied as conclusions of law.

**Count II**
**Replevin Pursuant to N.M. Stat. § 55-2-716**

26. The Trustee incorporates by reference his responses to paragraphs 1 through 25 of the Complaint as though set forth fully herein.

27. Admitted only that the APA speaks for itself. The Trustee is without sufficient information to admit or deny the remaining allegations and therefore denies the allegations.

28. The Trustee is without sufficient information to admit or deny the allegations and therefore denies the allegations. To the extent that any remaining allegations call for conclusions of law, the Trustee denies.

29. Denied as a conclusion of law.

### Count III
### Declaratory Judgment That Vermeer Has Special Property Rights in the Aircraft Pursuant to N.M. Stat. § 55-2-501

30. The Trustee incorporates by reference his responses to paragraphs 1 through 29 of the Complaint as though set forth fully herein.

31. Denied as a conclusion of law.

32. The Trustee is without sufficient information to admit or deny the allegations and therefore denies the allegations. To the extent that any remaining allegations call for conclusions of law, the Trustee denies.

33. Denied as conclusions of law.

### Count IV
### Equitable Lien

34. The Trustee incorporates by reference his responses to paragraphs 1 through 33 of the Complaint as though set forth fully herein.

35. The Trustee is without sufficient information to admit or deny the allegations and therefore denies the allegations. To the extent that any remaining allegations call for conclusions of law, the Trustee denies.

36. The Trustee is without sufficient information to admit or deny the allegations and therefore denies the allegations. To the extent that any remaining allegations call for conclusions of law, the Trustee denies.

37. Denied as a conclusion of law.

## Count V
## Constructive Trust

38. The Trustee incorporates by reference his responses to paragraphs 1 through 37 of the Complaint as though set forth fully herein.

39. Admitted only that the APA speaks for itself. The Trustee is without sufficient information to admit or deny the remaining allegations and therefore denies the remaining allegations.

40. The Trustee is without sufficient information to admit or deny the allegations and therefore denies the allegations. To the extent that any remaining allegations call for conclusions of law, the Trustee denies.

41. The Trustee is without sufficient information to admit or deny the allegations and therefore denies the allegations.

42. The Trustee is without sufficient information to admit or deny the allegations and therefore denies the allegations. To the extent that any remaining allegations call for conclusions of law, the Trustee denies.

43. Denied as a conclusion of law.

## Count VI
## Declaratory Judgment That the Aircraft Is Not Property of the Estate

44. The Trustee incorporates by reference his responses to paragraphs 1 through 43 of the Complaint as though set forth fully herein.

45. The Trustee is without sufficient information to admit or deny the allegations and therefore denies the allegations. To the extent that any remaining allegations call for conclusions of law, the Trustee denies.

46. The Trustee is without sufficient information to admit or deny the allegations and therefore denies the allegations. To the extent that any remaining allegations call for conclusions of law, the Trustee denies.

47. Denied as a conclusion of law.

**Count VII**
**Declaratory Judgment That Vermeer's Property Interest in the Aircraft Is Superior to That of Kings Road And The John Doe Defendants**

48. The Trustee incorporates by reference his responses to paragraphs 1 through 47 of the Complaint as though set forth fully herein.

49. The Trustee is without sufficient information to admit or deny the allegations and therefore denies the allegations. To the extent that any remaining allegations call for conclusions of law, the Trustee denies.

50. The Trustee admits only that Eclipse was in the business of selling aircraft and denies the remaining conclusions of law. The Trustee is without sufficient information to admit or deny the remaining allegations and therefore denies the remaining allegations.

51. The Trustee is without sufficient information to admit or deny the allegations and therefore denies the allegations.

52. The Trustee is without sufficient information to admit or deny the allegations and therefore denies the allegations. To the extent that any remaining allegations call for conclusions of law, the Trustee denies.

53. The Trustee is without sufficient information to admit or deny the allegations and therefore denies the allegations. To the extent that any remaining allegations call for conclusions of law, the Trustee denies.

54. Denied as conclusions of law.

## Count VIII
## Declaratory Judgment That The Aircraft Cannot Be Sold Under 11 U.S.C. § 363(b)

55. The Trustee incorporates by reference his responses to paragraphs 1 through 54 of the Complaint as though set forth fully herein.

56. Denied as a conclusion of law.

57. The Trustee is without sufficient information to admit or deny the allegations and therefore denies the allegations. To the extent that any remaining allegations call for conclusions of law, the Trustee denies.

58. Denied as a conclusion of law.

## Count IX
## Declaratory Judgment That the Aircraft Cannot Be Sold Free and Clear of Vermeer's Interests Under 11 U.S.C. § 363(f)

59. The Trustee incorporates by reference his responses to paragraphs 1 through 58 of the Complaint as though set forth fully herein.

60. Denied as a conclusion of law.

61. Denied as a conclusion of law.

62. The Trustee is without sufficient information to admit or deny the allegations and therefore denies the allegations.

63. Denied as a conclusion of law.

64. The Trustee is without sufficient information to admit or deny the allegations and therefore denies the allegations. To the extent that any remaining allegations call for conclusions of law, the Trustee denies.

65. Denied as conclusions of law.

66. Denied as a conclusion of law.

67. The Trustee is without sufficient information to admit or deny the allegations and therefore denies the allegations. To the extent that any remaining allegations call for conclusions of law, the Trustee denies.

68. Denied as conclusions of law.

## AFFIRMATIVE DEFENSES OF CHAPTER 7 TRUSTEE

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim in whole or in part upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Declaratory action is not proper because declaratory judgment will not remove uncertainty between the parties.

### THIRD AFFIRMATIVE DEFENSE

There is no legal or factual basis for Plaintiff to recover punitive damages.

### FOURTH AFFIRMATIVE DEFENSE

There is no legal or factual basis for Plaintiff to recover attorneys' fees, interest or any cost or expense in connection with filing and prosecuting its Complaint.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is entitled to recover any amount from the Chapter 7 estates, then the Chapter 7 estates are entitled to set off and/or recoupment of any amount previously paid to the Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

All or some of Plaintiff's claims is barred or limited under the applicable statute of limitations and/or the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, on the grounds of waiver, acquiesence and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of frauds.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's contract claims are barred by the doctrine of impossibility.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in part, are barred by the Order Authorizing Limited Use of Cash Collateral and Granting Adequate Protection, entered on December 23, 2008 and modified on December 29, 2008. [Main Case, Docket No. 228].

*[Signature on next page]*

The Trustee reserves the right to amend his Answer to include any other affirmative defenses that may become applicable as discovery and litigation proceeds.

Dated: July 22, 2009  COOCH AND TAYLOR, P.A.
      Wilmington, Delaware

      /s/ M. Claire McCudden
M. Claire McCudden (DE No. 5036)
1000 West Street, 10th Floor
The Brandywine Building
Wilmington, DE 19801
Tele: (302) 984-3800
Fax: (302) 984-3939
Email: cmccudden@coochtaylor.com

Counsel to the Chapter 7 Trustee